```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION
```

GLEN E. FORTSON,                )
                                )
        Plaintiff,              )   Case No. 1:11-0065
                                )   Judge Campbell/Bryant
     v.                         )
                                )
CHURCH OF JESUS CHRIST OF       )
LATTER DAY SAINTS,              )
                                )
        Defendant.              )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

Plaintiff Glen E. Fortson filed his complaint in this action on July 15, 2011 (Docket Entry No. 1). After his motion for leave to proceed in forma pauperis was denied (Docket Entry No. 12), plaintiff Fortson paid the required filing fee on August 9, 2011. The case was thereafter referred to the undersigned Magistrate Judge for management (Docket Entry No. 20).

Although plaintiff Fortson mailed numerous letters to the Court, from the record it appears that he has never obtained service of process on the defendant as required by Rule 4 of the Federal Rules of Civil Procedure. On November 17, 2011, the undersigned Magistrate Judge entered an order requiring plaintiff to show cause on or before December 15, 2011, why his complaint should not be dismissed for his failure to obtain service of process on the defendant and his failure to prosecute this case (Docket Entry No. 46). On or about November 28, 2011, the undersigned Magistrate Judge received from plaintiff Fortson a

letter dated November 20, 2011, in which plaintiff Fortson requested copies of "all necessary papers to be filled out," which the undersigned Magistrate Judge construed to mean those papers necessary to accomplish service of process on the defendant (Docket Entry No. 51). The undersigned Magistrate Judge on November 29, 2011, entered an order directing the Clerk to "mail to plaintiff a blank summons form, which plaintiff shall complete and serve on the defendant along with a copy of the complaint, in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure." (Docket Entry No. 50).

It appears from the record that plaintiff Fortson apparently received from the Clerk a blank copy of the summons, filled out the same, and that the summons was issued by the Clerk and returned to plaintiff on December 5, 2011 (Docket Entry No. 55). Nevertheless, the record fails to indicate that plaintiff has obtained service of process on defendant in this matter.

Rule 4(c) of the Federal Rules of Civil Procedure provides as follows:

> (1) **In General**. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Rule 4(m) provides in pertinent part:

> (m) **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after

> notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.

It appears from this record that plaintiff Fortson has failed to obtain service of process on the defendant as required by Rule 4(c) of the Federal Rules of Civil Procedure, and that the 120 days within which he was required to do so have long since expired. Moreover, it appears that the undersigned Magistrate Judge has called this deficiency to plaintiff's attention by the Court's order of November 17, 2011, and directed the Clerk to send plaintiff Fortson a blank copy of a summons to be used for service. Nevertheless, it continues to appear that no service of process has been obtained on the defendant in this matter.

For the foregoing reasons, the undersigned Magistrate Judge **recommends** that the complaint be **dismissed** for failure to obtain service on the defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the reasons stated in this report, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice for failure to obtain service on defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and

3

Case 1:11-cv-00065   Document 79   Filed 01/26/12   Page 3 of 4 PageID #: 198

Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

        **ENTERED** this 26th day of January 2012.

                                      <u>s/ John S. Bryant</u>
                                      JOHN S. BRYANT
                                      United States Magistrate Judge