UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

GLEN E. FORTSON,              )
                              )
        Plaintiff,             )   Case No. 1:11-0065
                              )   Judge Campbell/Bryant
        v.                     )
                              )
CHURCH OF JESUS CHRIST OF      )
LATTER DAY SAINTS,             )
                              )
        Defendant.              )

TO: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

For the reasons stated below in this report and recommendation, the undersigned Magistrate Judge recommends that the complaint in this action be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure following the required notice to plaintiff.

### Analysis

Rule 4(m) reads as follows:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The complaint in this case was filed on June 15, 2011 (Docket Entry No. 1) and plaintiff's application to proceed in forma pauperis was denied on August 3, 2011 (Docket Entry No. 12).

Shortly thereafter, on August 9, 2011, plaintiff paid the required filing fee (Docket Entry No. 18).

Over three months later, on November 17, 2011, the Court entered an order requiring plaintiff to show cause why the complaint should not be dismissed for his failure to obtain service of process on the defendant. This order explicitly informed the plaintiff that the case cannot proceed until plaintiff obtains service of process upon the defendant, as required by Rule 4 of the Federal Rules of Civil Procedure (Docket Entry No. 46). In an apparent response to the order to show cause, plaintiff Fortson mailed to the undersigned Magistrate Judge a letter dated November 20, 2011, requesting "all necessary papers" to accomplish service on the defendant. The Court thereupon ordered the Clerk to mail to plaintiff a blank summons form which plaintiff was directed to complete and serve upon the defendant along with a copy of the complaint, in accordance with the provisions of Rule 4 (Docket Entry No. 50). It appears that the Clerk returned a completed summons addressed to the Church of Jesus Christ of Latter Day Saints to the plaintiff by regular mail on December 5, 2011 (Docket Entry No. 55).

After the record continued to show no service of process on the defendant, the undersigned Magistrate Judge on January 26, 2012, filed a report and recommendation recommending that the case be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure for plaintiff's failure to obtain service of process on the defendant. This report and recommendation quoted the portion of Rule 4(c) which states that the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) (Docket Entry No. 79).

Plaintiff Fortson filed an objection to the report and recommendation in which he stated that he had not received the form – presumably referring to the summons – that was to be mailed to him, and that he had been confined in a health facility and may not have received all of his mail (Docket Entry Nos. 84, 85, 86 and 87). Upon receipt of these papers from plaintiff, the Court referred the matter back to the undersigned Magistrate Judge to consider further in light of plaintiff's claims (Docket Entry No. 88).

In view of plaintiff Fortson's assertions that he had not received the summons form mailed to him by the Clerk, the undersigned Magistrate Judge directed the Clerk to issue another summons and mail it to plaintiff Fortson, which summons plaintiff Fortson was directed to serve on the defendant along with a copy of his complaint, as required by Rule 4 (Docket Entry No. 90). This summons was reissued on February 22, 2012 (Docket Entry No. 91).

When this mail was returned by the Post Office, the Clerk resent the issued summons to plaintiff Fortson at his updated address on February 27, 2012 (Docket Entry No. 95).

After further difficulty in getting mail reliably delivered to plaintiff Fortson, the Court on March 30, 2012, directed the Clerk to send another summons to plaintiff for service upon the defendant (Docket Entry No. 114).

On April 3, 2012, the Court received a letter from Mr. Fortson (Docket Entry No. 117) that acknowledged receipt of the reissued summons form, and enclosed what appears to be the summons form to which Mr. Fortson has added a handwritten notation addressed to the Clerk.

After passage of more than another six months, the record still fails to indicate that service of process has been made on the defendant. Moreover, despite the Court having quoted applicable provisions of Rule 4 in prior orders, it has become evident from reading plaintiff Fortson's numerous letters to the Court that he does not understand that it is his responsibility to serve process upon the defendant. He seems to believe that once he files his complaint, the Court undertakes to serve process, prosecute his lawsuit, obtain a judgment, collect his judgment and then mail him a check for the judgment proceeds. While the undersigned Magistrate Judge well understands that pro se litigants are not held to standards applied to practicing attorneys and that the filings of pro se parties are to be construed liberally, the undersigned Magistrate Judge does not understand it to be the proper role of the Court to coach and instruct a pro se plaintiff

through every step of prosecuting his lawsuit. This case is now well over one year old; yet, the essential preliminary step – obtaining service of process on the defendant – has not been accomplished.

For the reasons stated above, the undersigned Magistrate Judge finds that this case should be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure based upon plaintiff's failure to obtain service of process upon the defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 22nd day of October 2012.

           s/ John S. Bryant
           JOHN S. BRYANT
           United States Magistrate Judge